UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 5 2002

Michael N. Milby
Clerk of Court

--------------------------------------------------------------

**KINGVISION PAY-PER-VIEW LTD.**
as Broadcast Licensee of the **October 2, 1999**
**Chavez/Wise** Program,

                Plaintiff,

   -against-

MINERVA RAMIREZ SANDOVAL, Individually, and
d/b/a DESPERADOS NIGHT CLUB a/k/a
DESPERADO'S NIGHTCLUB and DESPERADOS
NIGHT CLUB a/k/a DESPERADO'S NIGHTCLUB;

             Defendants.

--------------------------------------------------------------

**COMPLAINT**

Civil Action No.

**B-02-050**

Plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** by their attorneys, LONSTEIN LAW

OFFICE, P.C. complaining of the defendants herein respectfully sets forth and alleges, upon

information and belief, as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 47 U.S.C. §§ 553, 605, et seq.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C.

Section 1331, which states that the district courts shall have original jurisdiction of all civil actions

-1-

arising under the Constitution, laws, or treaties of the United States.

3.   Upon information and belief, venue is proper in this court because, <u>inter alia,</u> all defendants reside within the State of Texas  (28 U.S.C. § 1391(b) and  28 U.S.C. §124(b)(4)).

4.   This Court has personal jurisdiction over the parties in this action as a result of the defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as distributor of the transmission signal of the fight as hereinafter set forth at length.  The defendants' wrongful acts consisted of the interception or tortious conversion of said property of plaintiff within the control of the plaintiff in the State of Texas.

## THE PARTIES

5.   The plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** is a Delaware  Corporation with its principal place of business located at 501 Fairway Drive, Deerfield Beach, FL 33441.

6.   Upon information and belief the defendant, MINERVA RAMIREZ SANDOVAL, resides at RR 1 Box 737, Raymondville, TX 78580-9722.

7.   Upon information and belief, the defendant, DESPERADOS NIGHT CLUB a/k/a DESPERADO'S NIGHTCLUB, is a business entity, the exact nature of which is unknown, having its principal place of business at 589 N. 7th Street, Raymondville, TX  78580-2101.

8.   Upon information and belief, the defendant, DESPERADOS NIGHT CLUB a/k/a DESPERADO'S NIGHTCLUB, is a Domestic Corporation, incorporated and licensed to do business in the State of Texas.

-2-

9. Upon information and belief, the defendant, DESPERADOS NIGHT CLUB a/k/a DESPERADO'S NIGHTCLUB, is a partnership licensed to do business in the State of Texas.

10. Upon information and belief, the defendant, DESPERADOS NIGHT CLUB a/k/a DESPERADO'S NIGHTCLUB, is a sole proprietorship licensed to do business in the State of Texas.

## COUNT I

11. Plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** hereby incorporates by reference all of the allegations contained in paragraphs "1" through "10", inclusive, as though set forth herein at length.

12. By contract, plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** was granted the right to distribute the **Chavez/Wise** program (this includes all undercard bouts and the entire television broadcast) scheduled for **October 2, 1999** via closed circuit television and via encrypted satellite signal. Said event originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

13. Pursuant to the contract, plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** entered into subsequent agreements with various entities in the State of Texas, allowing them to publicly exhibit the Program to their patrons.

14. Plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** expended substantial monies in consideration of the aforementioned agreement to transmit the Program to those entities in the State of Texas, which in turn, entered into agreements with plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** to exhibit the Program to their patrons.

-3-

**LTD.,** to exhibit the Program to their patrons.

15.    Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

16.    Upon information and belief, the defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.

17.    47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** had the distribution rights thereto.

18.    By reason of the aforementioned conduct, the aforementioned defendants willfully violated 47 U.S.C. §605 (a).

19.    By reason of the aforementioned defendants' violation of 47 U.S.C. §605 (a), plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** has a private right of action pursuant to 47 U.S.C. §605.

20.    As a result of the aforementioned defendants' willful violation of 47 U.S.C. §605 (a), plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each defendant.

21.    Pursuant to 47 U.S.C. §605, plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

22. Plaintiff hereby incorporates paragraphs "1" through "21", inclusive, as though fully set forth herein.

23. Upon information and belief, defendants and/or their agents, servants, workmen or employees, and each of them knowingly, modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

24. 47 U.S.C. §605 (e)(4) prohibits the modification or utilization of a device or equipment knowing or having reason to know that it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services, such as the transmission for which plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** had the distribution rights thereto, or is intended for any other activity prohibited under 47 U.S.C. §605 (a) .

25. By reason of the aforementioned conduct, each of the aforementioned defendant's violation of 47 U.S.C. §605, plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** has a private right of action pursuant to 47 U.S.C. §605.

26. As a result of the aforementioned defendants' violation of 47 U.S.C. §605 (e)(4), plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) of up to $100,000.00 as to each defendant.

27. Pursuant to 47 U.S.C. §605, plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT III

28. Plaintiff hereby incorporates paragraphs "1" through "27", inclusive, as though fully set forth herein at length.

29. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

30. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** had the distribution rights thereto.

31. Upon information and belief,  the defendants individually,  willfully and illegally intercepted said Program when it was distributed and shown by cable television systems.

32. By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

33. As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages in an amount up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

WHEREFORE, the plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** requests that judgment be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:

(a) On the first cause of action, statutory penalties in the amount of $110,000.00 as to each defendant for their willful violation of 47 U.S.C. §605 (a);

(b) On the second cause of action, statutory penalties in the amount of $100,000.00 as to each defendant for their violation of 47 U.S.C. §605 (e)(4);

(c) On the third cause of action, statutory penalties in the amount of $60,000.00 as to each defendant for their violation of 47 U.S.C. §553;

(d) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. § 605 (e) (3) (B) (iii) and §553 (c) (2)(c), together with such other and further relief as this Court may deem just and proper.

Dated:   March 11, 2002
        Ellenville, New York

KINGVISION PAY-PER-VIEW LTD.

By: _____
        JULIE COHEN LONSTEIN, ESQ.
        Attorney for Plaintiff
        LONSTEIN LAW OFFICE, P.C.
        Office and P.O. Address
        1 Terrace Hill : P.O. Box 351
        Ellenville, NY  12428
        Telephone:  (845) 647-8500
        Facsimile:  (845) 647-6277
        *Our File No. C99-8TX-S08*



AO 440 (Rev 10/93) Summons in a Civil Action

# United States District Court

| SOUTHERN | DISTRICT OF | TEXAS |

BROWNSVILLE DIVISION

KINGVISION PAY-PER-VIEW LTD.
as Broadcast Licensee of the **October 2, 1999**
**Chavez/Wise Program,**
               Plaintiff,

### SUMMONS IN A CIVIL CASE

CASE NUMBER:    B-02-·050

MINERVA RAMIREZ SANDOVAL, Individually, and d/b/a
DESPERADOS NIGHT CLUB a/k/a DESPERADO'S
NIGHTCLUB and DESPERADOS NIGHT CLUB a/k/a
DESPERADO'S NIGHTCLUB;
                   Defendants.

TO: (Name and address of defendant)

**DESPERADO'S NIGHTCLUB a/k/a DESPERADOS NIGHTCLUB**
**589 N. 7th Street**
**Raymondville, TX 78580**          **Our File No. C99-8TX-S08**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

**LONSTEIN LAW OFFICE, P.C.**
**1 Terrace Hill, Box 351**
**Ellenville, New York 12428**

an answer to the complaint which is herewith served upon you, within ___twenty (.20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk             3-15-02

CLERK                             DATE

(BY) DEPUTY CLERK

# COPY

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

<u>SOUTHERN</u> ——————— DISTRICT OF <u>TEXAS</u>
BROWNSVILLE DIVISION

KINGVISION PAY-PER-VIEW LTD.
as Broadcast Licensee of the October 2, 1999
Chavez/Wise Program,
           Plaintiff,

      V.

MINERVA RAMIREZ SANDOVAL, Individually, and d/b/a
DESPERADOS NIGHT CLUB a/k/a DESPERADO'S
NIGHTCLUB and DESPERADOS NIGHT CLUB a/k/a
DESPERADO'S NIGHTCLUB;
           Defendants.

## SUMMONS IN A CIVIL CASE

CASE NUMBER: **B-02- ·050**

TO: (Name and address of defendant)

<u>**MINERVA RAMIREZ SANDOVAL, Individually and d/b/a DESPERADO'S NIGHTCLUB a/k/a DESPERADOS NIGHTCLUB**</u>
**RR 1, Box 737**
**Raymondville, TX  78580-9722**      Our File No. C99-8TX-S08

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

**LONSTEIN LAW OFFICE, P.C.**
**1 Terrace Hill, Box 351**
**Ellenville, New York  12428**

an answer to the complaint which is herewith served upon you, within <u>  twenty  ·(20)  </u> days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

CLERK

(BY) DEPUTY CLERK

3-15-02

DATE